> There being no opposition to the report and recommendation, and on de novo review, the reporter and recommendation be, and the same hereby is adopted and the defendant's motion to dismiss is granted.
>  So Ordered.
>  s/ James G. Carr
> Chief Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Charles A. Hardin, | : | Case No. 3:08 CV 01529 |
| Plaintiff, | : | |
| v. | : | |
| Commissioner of Social Security, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendant. | : | |

Plaintiff filed a Social Security complaint seeking judicial review pursuant to 42 U.S.C. § 405(g), of Defendant's final determination denying his claim for benefits under Titles II and XVI the Social Security Act (Act), 42 U.S.C. §§ 416 (i) and 423. Pending is Defendant's unopposed Motion to Dismiss (Docket No. 10). For the reasons that follow, the Magistrate recommends that the Court grant the Motion to Dismiss.

## I. PROCEDURAL BACKGROUND

On May 27, 2008, the Administrative Law Judge (ALJ) issued a decision denying the Plaintiff's claim for benefits under Title II and Title XVI (Docket No. 10, Attachment 1¶ (3)(a)). Plaintiff requested that the Appeals Council review the Administrative Law Judge's decision on June 9, 2008 (Docket No. 10, Attachment 1, ¶ (3)(b)). Plaintiff filed a Social Security complaint on June 24, 2008 (Docket No. 1). The returns of service executed by the United States Marshal upon the

United States Attorney and the United States Attorney General were filed on July 10 and July 14, 2008, respectively (Docket Nos. 7 & 8).  An Order to Show Cause was filed by the Court on May 12, 2009 (Docket No. 12).

## III.  ANALYSIS

Defendant argues that under the exclusive jurisdictional basis for review of Social Security claims, 42 U. S. C. 405(g), Plaintiff is required to exhaust administrative remedies as a prerequisite to obtaining judicial review.  In this case, there is no evidence that Plaintiff exhausted administrative remedies.  The Court is foreclosed from conducting judicial review.  Consequently, the case should be dismissed.

Defendant is correct in its assertions.  Two elements are necessary to establish federal court jurisdiction to review decisions of the Commissioner of Social Security.  *Atkin v. Lewis,* 232 F. Supp.2d 770, 773 (N. D. Ohio 2002).  First, a claimant must exhaust his administrative remedies and, second, the Commissioner must issue a final decision.  *Id.* (*citing Pohlmeyer v. Secretary of Health and Human Services,* 939 F.2d 318, 320 (6th Cir. 1991) (*citing Mathews v. Eldridge,* 96 S. Ct. 893, 899 (1976)).  When the Appeals Council *denies* review, that denial renders final the decision of the ALJ.  *Cline v. Secretary of Health and Human Services,* 875 F. Supp. 435, 438 (N. D. Ohio 1995) *aff'd* 96 F. 3d 146 (1996).  It is the decision of the ALJ, not the procedural decision of the Appeals Council to deny administrative review, which is subject to judicial review.  *Id.*

In a declaration filed contemporaneously with the Motion to Dismiss, the Chief of Court Case Preparation and Review for the Social Security Administration's Appellate Operations, declared and stated that the request for review was still pending with the Appeals Council (Docket No. 10, Attachment 2, ¶ (3)(c)).  Accordingly, Plaintiff cannot establish that the ALJ"s decision has

been rendered a final by the Appeals Council.  Without that final determination from the Appeals Council, this Court lacks the necessary prerequisite to establishing federal court jurisdiction to review the Commissioner's decision.  The Magistrate recommends that the Court dismiss Plaintiff's Social Security Complaint without prejudice.

### III. CONCLUSION

For these reasons, the Magistrate recommends that the Court grant the Motion to Dismiss and terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   June 22, 2009

### NOTICE

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation.  A party desiring to respond to an objection must do so within ten (10) days after the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.